# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class FRANCISCO M. SOLORIO**
**United States Army, Appellant**

ARMY 20140562

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Colonel Francisco A. Vila, Staff Judge Advocate (pretrial)
Colonel Luis O. Rodriguez, Staff Judge Advocate (recommendation)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Scott L. Goble, JA (on brief).

21 March 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of indecent acts, two specifications of communicating indecent language to a child under the age of 16 years, and two specifications of possession of child pornography, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2006; 2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant's sole assigned error merits brief discussion and relief. The matters raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant discussion or relief.

SOLORIO—ARMY 20140562

All of appellant's misconduct concerns his admitted sexual fascination with minors. In the Specification of Additional Charge II, appellant was convicted of wrongfully possessing four images of child pornography. Appellant now claims that two of those four images are not child pornography in that two of the images do not contain a "lascivious exhibition of the genitals or pubic area of any person." *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 68b.c.(7)(e).

With respect to the four images of which appellant stands convicted of possessing, we agree with appellant that two of them do not constitute child pornography under the law. In the images labeled TM-3 and TM-4, included within Prosecution Exhibit 4, because of angling, body position, and shadows, TM's genitals and pubic area are simply not visible or discernible. Accordingly, those two images do not depict a minor engaging in "sexually explicit conduct."

**CONCLUSION**

We approve only so much of the finding of guilty to Additional Charge II and its Specification as follows:

> In that Private First Class Francisco M. Solorio, U.S. Army, did, at or near Kandahar Airfield, Afghanistan, between on or about 12 January 2012 and on or about 30 April 2012, knowingly and wrongfully possess child pornography, to wit: two sexually-explicit photographs of a minor, T.M., engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the remaining findings of guilty, and the record as a whole, the sentence is AFFIRMED. *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

2